[Civ. No. 1277.   Second Appellate District.—March 18, 1913.]

JOHN LAPIQUE, Appellant, v. JEANNE LOUISE GEANTIT, as Executrix of the Will of Maria Begon, Deceased, et al., Respondents.

HUSBAND AND WIFE—SEPARATE PROPERTY—GIFT OF UNDIVIDED HALF OF REAL ESTATE.—A gift by a man to his wife of an undivided one-half of certain real estate becomes her separate property.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

John Lapique, *in pro. per.,* for Appellant.

Cole & Cole, and J. Vincent Hannon, for Respondents.

ALLEN, P. J.—The action was one under section 738 of the Code of Civil Procedure, being in the nature of an action to quiet title.   The second amended complaint alleged ownership and possession in plaintiff of certain described premises, the same being lot 7, block 34, Ord's Survey, in the city of Los Angeles.   Defendant Geantit, as executrix, disclaimed any interest in the premises, but as an individual and personal claim alleged ownership in a part of the premises described.   The other defendants set up a claim of ownership to the remainder thereof, and all of defendants denied that plaintiff was the owner in possession, or entitled to any interest in or to any part of the premises; and further set up the bar of the statute

of limitations as to any claim of plaintiff, specifying the various sections of the statute applicable thereto. Upon trial of the case, the court found: That plaintiff was not at the time of the institution of the action, now, or at any time, the owner of, or in possession of, or entitled to the possession of the premises described, or any part thereof; that defendant Geantit, whose present name, through intermarriage, is Vigne, and the other defendants are the owners of said premises, and entitled to the possession thereof in certain interests and proportions set forth in the findings. Judgment was accordingly rendered in favor of defendants, from which judgment, and an order denying a new trial, plaintiff appeals.

The specific findings other than those heretofore mentioned are, that the premises described were acquired in 1858 with the community funds of Antoine Begon and his wife; that title thereto was taken in the name of Begon and wife as tenants in common; that in 1893 said Begon commenced an action against his wife for partition of certain property of which the premises herein described constituted a part, and that the same was by the judgment of said court set over and assigned to the wife. The court further finds that in 1894 the wife died testate, bequeathing to defendants herein the property described; that the will was admitted to probate and a decree of distribution of said estate entered distributing the same to the defendants, all by appropriate and regular proceedings; that the husband had full cognizance of said will and its admission to probate, and of all proceedings thereunder; that said defendants have, under said decree of distribution for more than fifteen years, held and possessed said premises adversely to said Begon, claiming title thereto and paying all taxes levied and assessed thereon for said period; that Begon, in 1910, attempted to convey to plaintiff an estate in said premises described, but that Begon had no title thereto and conveyed none.

We find from the record that all of the above findings are fully sustained by the evidence. In addition thereto, the complaint filed by Begon against his wife sets out that he gave to her an undivided one-half of said premises. This allegation, statement, and admission that the ownership of one-half of said premises was acquired by gift from the husband, established the separate character of her estate therein and to the

undivided one-half thereof. It is certain, therefore, that Begon held and possessed no claim to this property at the time of his conveyance to plaintiff, and that plaintiff acquired no title, claim or interest therein by virtue of his deed. The judgment so entered is supported by the findings, and the findings have support from the evidence.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 17, 1913.